

**JONES LAW FIRM**

P.O. Box 44188 Madison, WI 53744-4188

Attorney William Richard Jones    (ph) 608·628·0598    (fax) 608·514·9003    bill@billjoneslawfirm.com

May 30, 2019

**Via Electronic Filing**
Honorable William Conley
US District Ct. Western District of Wisconsin
P.O. Box 591
Madison, WI 53701-0591

        **Re:**    U.S. v. Johnell Britt
                  18-CR-139

Dear Judge Conley:

    I am writing in anticipation of sentencing scheduled for June 4, 2019 at 1:00 p.m.

    I write to advocate for your acceptance of the negotiated plea agreement. The parties to the agreement have relied upon Federal Rule of Criminal Procedure 11(c)(1)(C) which leaves the court with two options: either accept the joint recommendation of 84 months imprisonment or reject the plea agreement and allow the defendant to withdraw his guilty plea. Many factors support the court finding that the recommendation is sufficient but not more than is necessary to meet the sentencing purposes described in 18 USC § 3553.

    Seven years of incarceration is a significant amount of time, particularly for an individual such as Mr. Britt who is only 20 years old and who has never been to prison. The recommended length of incarceration, however, reflects the seriousness of his offense, provides just punishment and sends a serious warning to others who might consider using a firearm to rob a business. The seven year recommendation also serves as acknowledgement that if Mr. Britt were convicted at trial of Count 2 (a likely outcome given the strength of evidence described in PSR ¶11-13), the court would have had no choice but to sentence him to at least seven years. In other words, while the court is likely less than enthusiastic over a binding plea agreement such as the one in this case, the mandatory minimum sentence that would have accompanied a Count 2 conviction would have left the court with no discretion to go below seven years. The plea agreement merely moves the mandatory nature of a Count 2 conviction and applies it to the Count 1 conviction. What, then, is the difference between a Count 1 conviction that binds the court to a 7 year sentence via

a plea agreement and a Count 2 conviction that carries a statutory mandatory minimum (and guideline recommendation) of 7 years? The answer lies within the newly adopted First Step Act of 2018.

On December 21, 2018 The First Step Act was signed into law thus creating 18 USC § 3632 which is titled "Development of risk and needs assessment system." The new law requires the Department of Justice to develop a risk and needs assessment program for incarcerated individuals. The goal is to steer prisoners towards successful participation in evidence-based recidivism reduction programming or productive activities. The incentives for participating in the programming range from rewards as simple as increased visitation time with family and friends to rewards as significant as time off of the sentence. The act, undoubtedly, is an effort to entice prisoners to participate in programs proven to reduce recidivism. As President Trump explained in his state of the union address, this bipartisan agreement on prison reform occurred because "America is a nation that believes in redemption." The incentives for participating in recidivism reduction programs, however, are not eligible for prisoners serving time for violating 18 USC § 924(c). (*see* 18 USC § 3632(4)(D)(xvii)) If Mr. Britt were to be convicted of Count 2 he would be ineligible for all the incentives offered to participate in recidivism reduction programming and the rehabilitation goal of 18 USC § 3553(a)(2)(d) would not be served.

The proposed plea agreement creates a sentencing structure that imposes a 7 year mandatory minimum that would have resulted if Mr. Britt were convicted of Count 2 but leaves this young man with incentives to engage in programs that will reduce the chance he will reoffend when he is released.

    Sincerely,
    JONES LAW FIRM
    /s
    William R. Jones

cc:  AUSA Rita Rumbelow (via electronic filing)
    Clerk of Court, Western District of Wisconsin (via electronic filing)